# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2646
Lower Tribunal No. 2023-CC-004135

_____

GORDON V. VINCI and STELLA VINCI,

Appellants,

v.

LAKE LIZZIE RESERVE HOMEOWNERS ASSOCIATION, INC.,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the County Court for Osceola County.
Gabrielle N. Sanders-Morency, Judge.

July 17, 2026

MIZE, J.

Appellants, Gordon V. Vinci and Stella Vinci, appeal the trial court's order granting Appellee's motion to enforce settlement. Among other things, the trial court's order entered a mandatory injunction against the Appellants. Appellants argue that the injunction lacks the specificity required by Florida Rule of Civil Procedure 1.610(c), which provides that "[e]very injunction shall specify the

reasons for entry [and] shall describe in reasonable detail the act or acts restrained…"[1]

Unless otherwise provided by statute, "a party seeking a mandatory injunction must establish that: (1) a clear legal right has been violated; (2) irreparable harm has been threatened; (3) no adequate remedy at law exists; and (4) the issuance of a mandatory injunction is in the public interest."[2] *Geise v. Fleck*, 6D2024-1898, 2026 WL 904860, at *3 (Fla. 6th DCA Apr. 2, 2026), *reh'g denied* (May 20, 2026). Applying the requirement of Rule 1.610(c) that "[e]very injunction shall specify the reasons for entry," Florida courts have held that "clear, definite, and unequivocally sufficient factual findings must support each of the four conclusions necessary to justify entry of a preliminary injunction." *Lusby v. Canevari*, 363 So. 3d 233, 235 (Fla. 6th DCA 2023) (quoting *City of Jacksonville*

---

[1] Appellants make a second argument that we reject without discussion.

[2] Of course, while a party seeking a mandatory injunction must establish each of these factors to obtain an injunction, establishing these factors does not entitle the party to an injunction. Rather, if the party establishes these factors, it is then within the trial court's discretion to grant an injunction. *See Geise*, 2026 WL 904860, at *4 ("We review a trial court's ultimate decision regarding whether to grant injunctive relief for abuse of discretion." (citing *Cramp v. Bd. of Pub. Instruction of Orange Cnty.*, 118 So. 2d 541, 544 (Fla. 1960) ("The appellant has failed completely to demonstrate a clear abuse of discretion by the [trial court]. He must do this if he is to justify our reversal of the order denying the injunction."), and *Godwin v. Phifer*, 41 So. 597, 602 (Fla. 1906) ("[B]oth the granting and continuing of injunctions rest[ ] largely in the sound judicial discretion of the [trial] court, to be governed by the circumstances of the case."))).

*v. Naegele Outdoor Advert. Co.*, 634 So. 2d 750, 754 (Fla. 1st DCA 1994) (internal alteration omitted)).

In this case, the trial court's order contained no findings whatsoever. Therefore, Appellants are correct that the trial court's order did not comply with Florida Rule of Civil Procedure 1.610(c). Accordingly, we reverse the trial court's order and remand for further proceedings. On remand, the trial court may enter an injunction that complies with Rule 1.610(c).

REVERSED and REMANDED with instructions.

WHITE and SMITH, JJ., concur.

Keith P. Arago, of Bogin, Munns, & Munns, P.A., Orlando, for Appellants.

Barbara Billiot Stage, of Stage Law Firm, P.A., Rockledge, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED